IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JULIUS CORNELIUS FARRIS | § | |
| v. | § | CIVIL ACTION NO. 6:22cv5 |
| OFFICER JASON WALDON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Julius Farris, a former inmate of the Anderson County Jail released after filing suit, filed this civil action complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Because the statutory filing fee was assessed upon the filing of suit, when Plaintiff was still incarcerated, the Court ordered Plaintiff to pay the filing fee of $350.00 in monthly installments of $10.00 per month. By separate order, the Court directed Plaintiff to file an amended complaint setting out a short and plain statement of his claim. To date, Plaintiff has not complied with either order, nor has he responded in any way; his last contact with the Court was a notice of change of address in March of 2022.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to pay the statutory filing fee or file an amended complaint are not actions which threaten the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents complained of began in November of 2021, giving Plaintiff ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 29th day of September, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE